# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| CIVIC PARTNERS SIOUX ) | |
| CITY, LLC, ) | |
|     Debtor. ) | Bankruptcy No. 11-00829 |
| ) | |

## RULING ON THE MOTION TO DISMISS AND
## MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter is before the Court on the Motion filed by First National Bank to dismiss or provide relief from the automatic stay. Other creditors in the case have joined the Motion. Debtor resists. This matter was originally heard in Sioux City, Iowa on November 20, 2013. The matter was subsequently stayed/held in abeyance after Debtor attempted to appeal the order denying confirmation of the plan. After all appeals were exhausted, and the proper mandates were issued, First National Bank made a Motion for Extinguishment of Court's Abeyance and Entry of Order on Pending Motions. The Court held a telephonic hearing on the matter on May 13, 2015. G. Mark Rice and Johannes Moorlach appeared for First National Bank; Jeff Wright appeared for the City of Sioux City; Richard P. Jeffries appeared for Main Street Theatres; and A. Frank Baron appeared for Civic Partners, Sioux City. The Court took the matter under advisement. This is a core proceeding 28 U.S.C. § 157(b)(2)(G).

This case has a long and difficult history. It has been on file for more than four years and there have been over 500 filings. The Court held a week long confirmation hearing January 14–18, 2013. The Court then issued a lengthy ruling (Doc. No. 408) denying confirmation of Debtor's second amended plan (the third plan overall). (Doc. Nos. 177, 241, 281) In that order, the Court detailed the numerous delays and long historical background. Those matters will not be repeated here and instead their recitation in previous rulings will be incorporated by reference. No new plan has ever been filed.

After the Court denied confirmation of the second amended plan, First National Bank moved to dismiss the case or, in the alternative, grant its Motion to Lift Stay. The Court had previously denied several requests by the Bank to either dismiss the case or lift the stay. The Court held a hearing on the matter in Sioux City, Iowa on November 20, 2013. The case was argued extensively and the matter was submitted without a further factual record. During the course of the arguments, however, counsel for Debtor indicated the intent to pursue an interlocutory appeal on the order denying confirmation.

The Court and the parties discussed the effect of the appeal on the ruling on the pending motions. There was a division of opinion. The Court took all the matters under advisement and allowed for post-hearing briefing. As is common in

this size case, there was extensive post-hearing briefing. Before entering a ruling on the matter, the Court set the matter for a telephonic status conference. The Court sought to discuss whether the matter was ripe for decision given the appeal and/or whether there ought to be further evidence taken in the matter. Again, the parties had a difference of opinion. The Court noted that First National Bank (the "Bank") took the position that the entire matter should be held in abeyance or stayed pending decision on appeal. The Bank believed that route would provide the most clarity in the case given the numerous procedural twists and turns to date. Because the Bank was the movant, and the primary creditor, the Court stayed the matter and held its ruling on these matters in abeyance pending the finality of the appeal.

After the Eighth Circuit Court of Appeals denied interlocutory appeal, the Bank filed a Motion for Extinguishment of the Court's Abeyance and Entry of Order on Pending Motions. The Court held a hearing. At the hearing, Debtor informed the Court and all the parties that it intended to file a Motion for Reconsideration before the entire Eighth Circuit. Debtor indicated an inent to take the appeal to the Supreme Court if it did not get a favorable ruling. Debtor's counsel also noted that the Supreme Court had granted certiorari on the issue and mistakenly believed it would be decided in the next term, not the present term.

The Bank withdrew its Motion for Extinguishment of the Court's Abeyance on the pending matters. The Bank continued to take the position that until all matters are fully decided, the Court should withhold ruling. Though there was again a difference of opinion on the matter, the Court went with the Bank's suggestion and continued to hold the pending motions in abeyance.

On April 24, 2015, the Eighth Circuit issued its formal mandate after it denied reconsideration. The mandate from the Bankruptcy Appellate Panel for the Eighth Circuit followed shortly thereafter. The Bank then again moved for an order lifting the stay on the pending motions and/or holding ruling in abeyance. The Court set the matter for hearing on May 13, 2015. The same parties appeared and were heard.

At the time of the hearing, no new record had been made or was offered. The case remained in virtually the same position it was nearly a year and a half earlier following denial of confirmation of the plan. No additional plan had been filed. Counsel for Debtor noted that, if the Court desired, he could make a record on what Debtor believed its future plan could entail. All the creditors were unanimous in arguing that the Court should act without further hearing. They all argued that the matter had been pending too long, with virtually no progress for the mass majority of the four-year pendency of the case.

The Court discussed this matter further with Debtor's counsel. The Court expressed its skepticism about continuing to move forward with hearings and/or inviting additional proposed plans. Debtor's counsel noted that if the Court was so disposed, then it may be time to get a definitive ruling on the key issue in the case. That issue, decided by the Court even before the confirmation hearing, involved which of two competing leases was the appropriate lease for the purpose of this case. In deciding on the applicable lease, the Court ruled adversely to Debtor. Debtor's counsel noted that this issue probably needed to be decided before the case could even possibly move forward. Debtor had attempted to appeal the lease earlier but the Eighth Circuit Bankruptcy Appellate Panel denied the appeal as interlocutory. For all these reasons, the Court took the matter under advisement with the stated intention of providing definitive rulings.

## CONCLUSIONS OF LAW

The Bank and the City request the Court to dismiss Civic Partners' bankruptcy case. "The bankruptcy court has broad discretion in deciding whether to dismiss a Chapter 11 bankruptcy case." Hedquist v. Fokkena (In re Hedquist), 450 F.3d 801, 804 (8th Cir. 2006). Bankruptcy Code 11 U.S.C. § 1112 governs dismissal in a Chapter 11 case. Section 1112 provides, in part:

> (b)(1) **Except as provided in paragraph (2)** of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, **absent unusual circumstances** specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, **the court shall convert** a case under this chapter to a case under chapter 7 **or dismiss a case** under this chapter, **whichever**

5

**is in the best interests of creditors and the estate, if the movant establishes cause.**

(2) The **relief** provided in paragraph (1) **shall not be granted** absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, **if the debtor** or another party in interest objects and **establishes** that—

> (A) there is a **reasonable likelihood that a plan will be confirmed within the timeframes** established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; **and**
>
> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)—
>
> > (i) or which there exists a reasonable justification for the act or omission; and
> >
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(1)-(2) (emphasis added). "Thus, absent a showing of unusual circumstances, if the moving party establishes that cause exists, it is the Court's obligation to dismiss or convert a Chapter 11 case." In re Miell, 419 B.R. 357, 366 (Bankr. N.D. Iowa 2009) (citing In re New Rochelle Tel. Corp., 397 B.R. 633, 640 (Bankr. E.D.N.Y. 2008)). Under § 1112(b)(1), the burden is on the movant to establish cause for conversion. Id. According to § 1112(b)(4), cause includes sixteen enumerated circumstances, however, the statutory list is not exhaustive. Reagan v. Wetzel (In re Reagan), 403 B.R. 614, 620 (B.A.P. 8th Cir. 2009). Rather, the list constitutes factors the bankruptcy court may consider in its decision of whether to dismiss or convert. Id.

"A debtor's failure to propose a confirmable plan or the bankruptcy court's denial of confirmation constitutes cause under section 1112(b)(2)." See, e.g., Lumber Exch. Bldg. Ltd. P'ship v. Mutual Life Ins. Co. of N.Y. (In re Lumber Exch. Bldg. Ltd. P'ship), 968 F.2d 647, 650 (8th Cir. 1992); Sullivan Cent. Plaza I, Ltd v. Bancboston Real Estate Capital Corp. (In re Sullivan

Cent. Plaza I, Ltd.), 935 F.2d 723, 728 (5th Cir. 1991); In re Winslow, 123 B.R. 641, 646 (D. Colo.), aff'd, 949 F.2d 401 (10th Cir. 1991); Koerner v. Colonial Bank (In re Koerner), 800 F.2d 1358, 1367–68 (5th Cir. 1986).

The question here is whether the Court should allow Debtor to attempt to submit and confirm another plan of reorganization. All the parties are in agreement that this determination falls largely into the Court's discretion. The Court now exercises its discretion by dismissing the matter and making all of the issues ripe for appeal.

The delay in this case has been extraordinary. It has been on file for over four years and there have been over 500 filings in the main case. There are also a number of adversary proceedings that have consumed much time, energy, and expense. Simply stated, there has been a remarkable lack of progress in this matter since the time of filing. The lack of progress and the factors related to it have been identified at length in other rulings. Those matters need not be reiterated here. Suffice it to say, there has been virtually no progress in the year and a half since the Court denied confirmation while the Court largely sat idle waiting on the appeal.

While these delays alone are sufficient to establish cause for dismissal, other matters go into the Court's calculations as well. First and foremost is the fact that Debtor has not been able to get a confirmed plan in place despite three different proposed plans over the last four years. Moreover, and out of fairness to Debtor, the key issue from Debtor's perspective was resolved against Debtor a little over halfway through this bankruptcy. Debtor has reiterated that this is a key impediment to moving forward. Debtor notes that an appeal would probably provide a definitive answer on the issue.

For all these reasons, the Court finds that the matter should be dismissed for cause under 11 U.S.C. § 1112(b)(1).   Debtor has provided no unusual circumstances under § 1112(b)(2) to overcome the finding of cause.   In fact, Debtor appears to agree to a large degree that the matter should be dismissed so the appeal can move forward accordingly.

**WHEREFORE** this case is **DISMISSED**.

Dated and Entered: July 8, 2015

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE