### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| CIVIC PARTNERS SIOUX CITY, LLC, | ) |
| | ) Bankruptcy No. 11-00829 |
| Debtor. | ) |

### ORDER RE: JOINT MOTION TO APPROVE COMPROMISE

This matter came on for telephonic hearing on March 23, 2017. Frank Baron and Sasan Behnood appeared for Debtor Civic Partners Sioux City, LLC ("Debtor"). Lance Ehmcke appeared for the City of Sioux City ("the City"). Mark Rice and John Moorlach appeared for Northwest Bank ("the Bank"). Rick Jeffries appeared for Bill Barstow, Main Street Theatres, Inc., and Main Street-Sioux City, Inc. Marty Mclaughlin appeared for the Small Business Administration. The Court heard argument. This is a core proceeding under 28 U.S.C. § 157(b).

### BACKGROUND AND ARGUMENTS

Debtor owns commercial real estate in Sioux City, Iowa. The Bank and the City have claims secured by mortgages on that real estate. The Bank also has a related judgment against the City. Under that judgment, the City must pay the Bank $300,000 each year through 2018 if Debtor does not pay its obligation. Additionally, Debtor and Steve Semingson, Debtor's managing member, have fraud claims and other claims against the Bank. Finally, the City has a lawsuit currently pending against Mr. Semingson personally.

Debtor and the Bank seek approval of a settlement agreement. Under that agreement, the Bank will transfer its claim to Iowa Holdings, LLC ("Iowa Holdings"), another of Mr. Semingson's companies. In exchange, Debtor and Mr. Semingson will release their claims against the Bank. Iowa Holdings agrees to then immediately forgive $200,000 of debt, forbear from foreclosure for 6 months, and reduce the interest rate during that time. The agreement also entitles Iowa Holdings to the City's annual $300,000 payments.

The City objects. The City argues that, if this agreement was between the Bank and Debtor or Mr. Semingson personally—instead of between the Bank and Iowa Holdings—it would be able to set off its claims against the annual $300,000 it currently owes to the Bank. The City argues that the agreement is Mr. Semingson's attempt to receive funds from the City through another entity while avoiding his liability to the City. The City argues that it is inequitable to allow Debtor/Mr. Semingson to avoid this result by simply using a different legal entity.

Debtor replies that the City's objection does not address the relevant legal standard for evaluating a settlement: whether it is in the best interest of the estate. Debtor argues that the City's objection would effectively require the Bank to transfer its claim only to an entity that also owes the City money. Debtor also argues that the Bank is not prejudiced because the City currently has no right of setoff—the City will be in exactly the same position after settlement.

Debtor, the Bank, and the City all agreed that there were no factual disputes requiring an evidentiary hearing. In fact, they all agreed to have the Court hear arguments telephonically and issue a decision on the existing record.

## CONCLUSIONS OF LAW AND ANALYSIS

"Pursuant to Federal Rule of Bankruptcy Procedure 9019, the court may approve a settlement on motion by the trustee or debtor-in-possession after notice and a hearing." ReGen Capital III, Inc. v. Official Comm. of Unsecured Creditors, (In re Trism, Inc.), 282 B.R. 662, 667 (B.A.P. 8th Cir. 2002). "A decision to approve or disapprove a proposed settlement under Bankruptcy Rule 9019 is within the discretion of the bankruptcy judge." Id. (citing In re Flight Transp. Corp. Sec. Litig., 730 F.2d 1128, 1135–36 (8th Cir. 1984)).

> [T]he standard for evaluation is whether the settlement is fair and equitable and in the best interests of the estate. The court need only ensure the settlement does not fall below the lowest point in the range of reasonableness. In assessing the reasonableness of a settlement, the court considers: (A) the probability of success in the litigation; (B) the difficulties, if any to be encountered in the matter of collection; (C) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (D) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Ritchie Capital Mgmt., L.L.C. v. Kelley, 785 F.3d 273, 278–79 (8th Cir. 2015) (citing Tri–State Fin., LLC v. Lovald, 525 F.3d 649, 654 (8th Cir. 2008)) (citations omitted) (internal quotation marks omitted). "The purpose of a compromise is to allow the trustee and creditor[s] to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Martin v. Cox (In re Martin), 212 B.R. 316, 319 (B.A.P.

8th Cir. 1997) (internal quotation marks omitted) (alteration in original). The party seeking approval has the burden to meet this standard by a preponderance of the evidence. Velde v. First Int'l Bank & Trust (In re Y-Knot Const., Inc.), 369 B.R. 405, 408 (B.A.P. 8th Cir. 2007).

This case has a long history with multiple parties, complex issues, and multiple appeals. Continued litigation would mean continued expense and disruption in this hard-fought case. The Court has already examined the merits of Debtor's fraud claims in another context and found that they had "virtually no chance of success on the merits." (Doc. 561 at 18). The Court reiterates that finding here. Moreover, the length of this litigation highlights the complexity of this case as a whole and the resulting expense, inconvenience, and delay for all parties. Further litigation would only increase the expense and drain the estate. Settlement is warranted. After reviewing the agreement and the existing factual record, the Court finds that the agreement is well above the lowest point of reasonableness and that it is in the best interest of the estate.

The City argues that the agreement unfairly and inequitably circumvents a right of setoff the City might have received had the Bank dealt with Debtor (or Mr. Semingson) directly instead of through Iowa Holdings. This equitable argument rests on the assumption that Debtor, Iowa Holdings, and Mr. Semingson are all effectively the same entity and that the corporations at issue—particularly Iowa Holdings—are irrelevant or a sham. Although they are clearly related, there is nothing in the factual record to support the City's argument that Iowa Holdings, Debtor, and Mr. Semingson are not distinct

entities. To the extent that the City asks the Court to disregard the separation between the entities, the Court cannot and will not do so on this record. The City has made no showing to overcome the presumption that the entities are separate and distinct. See Davis v. Ricketts, 765 F.3d 823, 827 (8th Cir. 2014) ("In situations where the court is asked to disregard the separate and distinct form of legal entities, the standards are narrow and rigorous, imposing a presumption of corporate separateness.").

The City also has not shown that it is, in fact, prejudiced by the agreement. It will remain in largely the same position as it is currently. The Court finds that the agreement is fair and equitable and in the best interest of creditors.

## CONCLUSION

**WHEREFORE**, the City's Objection to Joint Motion to Approve Compromise Claims is OVERRULED.

**FURTHER**, the Bank's and Debtor's Joint Motion to Approve Compromise of Claims is GRANTED.

Dated and Entered: March 27, 2017

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE